No. 508, Misc. JOHNSON ET AL. *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. *Lawrence A. Aschenbrenner* for petitioners. *Louis F. Claiborne,* Deputy Solicitor General, for the United States.

MR. JUSTICE MARSHALL, with whom MR. CHIEF JUSTICE WARREN joins, dissenting.

Petitioners were convicted of disorderly conduct in a federal recreational area after a jury trial in the United States District Court for the Southern District of Mississippi.* Specifically, they were charged with making "offensively coarse utterances and gestures and . . . addressing abusive language" to a group of people using the recreational area. In his charge to the jury, the trial judge simply read the regulation under which petitioners were charged, without defining or limiting any of the terms contained therein. There was no objection to the charge. On appeal, petitioners challenged the sufficiency of the evidence. Petitioners raise several challenges to the validity of their convictions in their petition before this Court.

The Government, without conceding the more extreme of petitioners' arguments, does not oppose granting the writ and reversing the judgments of conviction on the ground that the minimal instructions given the jury make it "quite possible that the present convictions rest upon

---

*The applicable regulation, 36 CFR § 2.7, provides in part:

"§ 2.7. Disorderly conduct.

"(a) Disorderly conduct is prohibited.

"(b) Offense defined: A person is guilty of disorderly conduct if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he shall:

.          .          .          .          .

"(2) Make unreasonable noise or offensively coarse utterance, gesture, or display, or address abusive language to any person present."

an unacceptably broad reading of the regulation," and that such a defect can be noticed by this Court even though no objection was made to the instruction in the trial court. Fed. Rules Crim. Proc. 30, 52 (b).

I agree. Accordingly, I would grant the writ and reverse the judgment of conviction.